**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**ANDREW MCCAULEY,**

     **Plaintiff,**

**v.**                                                                          **Civ. Act. No.** ___2:25-cv-00517___

**OFFICER MICAHEL DEMPSEY &
SERGEANT LYLE LESHER,**

     **Defendants.**

## <u>COMPLAINT</u>

1.      This case arises from the violation of Plaintiff Andrew ("Andy") McCauley's Eighth Amendment rights by Defendants at Mount Olive Correctional Complex ("MOCC"). Defendants Michael Dempsey and Lyle Lesher violated Mr. McCauley's right to be free from cruel and unusual punishment when they used excessive force against him on August 28, 2024.

2.      Plaintiff Andy McCauley was, at all relevant times herein, an inmate incarcerated at MOCC, located in Mt. Olive, Fayette County, West Virginia. Mr. McCauley submits this Complaint pursuant to 42 U.S.C. § 1983 for violations of his rights under the Eighth Amendment to the United States Constitution. Mr. McCauley seeks monetary damages as well as appropriate injunctive, declaratory, and equitable relief to compensate him for his injuries.

## PARTIES

3.      Plaintiff Andy McCauley was, at all relevant times herein, a citizen of the United States in the custody of the West Virginia Division of Corrections and Rehabilitation (WVDCR) and incarcerated at MOCC.

4.      Defendant Michael Dempsey was, at all relevant times herein, an officer employed at MOCC. At all relevant times, Defendant Dempsey was acting under the color of state law and

within the apparent scope of his role as a correctional officer employed at MOCC. Defendant Dempsey is sued in his official capacity for injunctive and declaratory relief. Defendant Dempsey is named in his individual capacity for the purpose of seeking monetary relief.

5.      Defendant Lyle Lesher was, at all relevant times herein, a sergeant employed at MOCC. At all relevant times, Defendant Lesher was acting under the color of state law and within the apparent scope of his role as a correctional officer employed at MOCC. Defendant Lesher is sued in his official capacity for injunctive and declaratory relief. Defendant Lesher is named in his individual capacity for the purpose of seeking monetary relief.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over the federal claims presented in this action pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions of which Plaintiff complains occurred in this district, and because all parties reside in this district.

## STATEMENT OF FACTS

8.      Mr. McCauley has been incarcerated at MOCC for approximately three and a half years.

9.      Prior to the incident at issue in this matter, Mr. McCauley had only received a single disciplinary write-up, and he had never been involved in any altercations with security staff at MOCC.

**Defendant Lesher Deploys Malicious and Sadistic Force Against Plaintiff**

10.     On August 28, 2024, Defendant Lesher was performing cell searches in the Stuart Housing Unit, where Mr. McCauley was housed.

11.    At approximately 8:15 am, Defendant Lesher came to Mr. McCauley's cell, Cell 216, for a search.

12.    Defendant Lesher ordered Mr. McCauley's cellmate to strip out and then sent the cellmate out of the cell.

13.    Defendant Lesher then ordered Mr. McCauley to strip out, and Mr. McCauley obeyed.

14.    Defendant Lesher then handed Mr. McCauley his boxers, and Mr. McCauley put them on.

15.    Defendant Lesher then offered Mr. McCauley his shorts; as Mr. McCauley took hold of his shorts, he asked Defendant Lesher what the officers were searching for.

16.    Defendant Lesher then yanked the shorts back toward himself, pulling Mr. McCauley forward.

17.    Defendant Lesher put Mr. McCauley into a front chokehold before deploying his highly concentrated oleoresin capsicum (pepper spray) at Mr. McCauley.

18.    Three other officers then entered Mr. McCauley's cell.

19.    After deploying his pepper spray, Defendant Lesher, with the assistance of another officer, slammed Mr. McCauley onto the floor of his cell, forcing his throat against the edge of the hard plastic tote used for storing clothing.

20.    Officers then began "hammer-fisting" Mr. McCauley on his head, neck, and body while Mr. McCauley's throat was on the tote.

21.    The officers placed Mr. McCauley's left hand into cuffs and ordered him to give them his right hand. Mr. McCauley, however, was attempting to hold his throat off the tote using his right hand.

22.     Officers eventually pulled Mr. McCauley back off the tote; as soon as the pressure on his neck was relieved, Mr. McCauley immediately gave the officers his right hand.

23.     Defendant Lesher and other officers then placed Mr. McCauley in handcuffs before punching him repeatedly in the head, face, and body.

24.     One of the officers grabbed Mr. McCauley's genitals and squeezed them.

25.     Defendant Lesher and other officers then repeatedly kicked Mr. McCauley.

26.     Mr. McCauley believed that Defendant Lesher was going to kill him.

27.     Unit Manager Wilson approached the cell and told Defendant Lesher to stop striking Mr. McCauley.

28.     Mr. Wilson later stated that he could tell that Defendant Lesher was getting mad when he passed by the cell.

29.     Following Mr. Wilson's comments, Defendant Lesher punched Mr. McCauley a few more times, and one officer shoved his thumb into Mr. McCauley's eye socket.

30.     Defendant and other officers then hauled Mr. McCauley up by his shoulders and Defendant Lesher slammed Plaintiff's head against the wall.

31.     Mr. McCauley was dragged barefoot out of his cell and through the housing unit, wearing only boxers.

**Defendant Dempsey Deploys Malicious and Sadistic Force Against Plaintiff**

32.     Other officers, now joined by Defendant Dempsey, proceeded to drag Mr. McCauley across the exercise yard to the medical unit.

33.     As he was being forced across the gravel path—barefoot—Mr. McCauley was dragged onto the gravel.

34.     As they passed in front of the gym, Defendant Dempsey told Mr. McCauley something to the effect of "bitch, you're bleeding on me."

35.     Defendant Dempsey then slammed Mr. McCauley face-first onto the ground and proceeded to physically assault him.

36.     Defendant Dempsey and other officers then picked Mr. McCauley up off the ground and dragged him to the medical unit.

37.     When he finally arrived in the medical unit, Mr. McCauley was covered in blood.

38.     When a member of medical staff asked him if he had been hit in the mouth, Mr. McCauley stated that he had been struck "everywhere."

39.     Mr. McCauley received 13 staples to the right side of his head and was sent to the emergency room.

**Mr. McCauley Suffered Injuries**

40.     Mr. McCauley suffered significant injuries following these uses of force.

41.     He received 13 staples to the right side of his head.

42.     He additionally suffered facial bruises and swelling for several days following the uses of force.

43.     Because he was slammed onto gravel, he suffered cuts, scratches, and other wounds to his knees, arms, shoulders, and damage to his feet.

44.     In addition to these significant physical injuries, Mr. McCauley has also suffered from anxiety following these uses of force against him, including nightmares and attendant loss of sleep.

**CLAIMS FOR RELIEF**

**COUNT I**
**VIOLATION OF THE EIGHTH AMENDMENT**

## TO THE UNITED STATE CONSTITUTION
## EXCESSIVE FORCE
### (Defendant Lesher)
### (42 U.S.C. § 1983)

45.    Mr. McCauley incorporates and re-alleges, by reference, the allegations contained in the previous paragraphs of this complaint.

46.    Defendant Lesher, while acting under the color of law, violated Mr. McCauley's Eighth Amendment right against cruel and unusual punishment, resulting in Plaintiff's pain and suffering.

47.    Defendant Lesher violated Mr. McCauley's federal constitutional right, as described and identified herein, by authorizing, committing, condoning, and/or failing to remedy the excessive and wrongful force, employed without efforts to temper provocation, and justification against Mr. McCauley on August 28, 2024, while in his cell.

48.    The Eighth Amendment to the United States Constitution forbids cruel and unusual punishment and prohibits the use of force that is unnecessary, unjustified, or applied with malicious and sadistic intent for the purpose of punishment and to cause harm.

49.    On August 28, 2024, it was clearly established that the use of mace, tear gas, or other chemical agents "in quantities greater than necessary for the sole purpose of infliction of pain" violated the Eighth Amendment of the United States Constitution. *See Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008). Furthermore, the assault described herein clearly violated the Eighth Amendment of the United States Constitution. *See Douty v. Ballard, et al*., Civ. Act. No. 2:13cv32832 (S.D.W. Va. June 16, 2016) (Copenhaver, J.) (Order adopting PF&R, denying summary judgment on allegations of use of pepper spray while plaintiff was locked alone in his segregation cell).

50.    On August 28, 2024, it was also clearly established that beating a subdued or incapacitated inmate violates the Eighth Amendment. *Richardson v. Taylor*, 2020 U.S. Dist. LEXIS 91356, *14 (M.D.N.C., May 26, 2020) (citing *Thompson v. Commonwealth*, 878 F.3d 89, 102 (4th Cir. 2017) (holding that "prisoners have a right not to be assaulted by their captors").

51.    In the uses of force described above, without any effort to temper the severity of the force and for no justifiable reason, Defendant Lesher applied nontrivial force against Mr. McCauley that was excessive, unnecessary, and unreasonable, or for the purpose of wantonly causing harm and non-penological punishment to Mr. McCauley in violation of the Eighth Amendment.

52.    There was no good-faith need for the application of force, provided that Mr. McCauley was: (1) within the confines of his cell; (2) fully complying with the orders given to him and not violating prison rules; (3) nearly nude; and (4) not a threat to his own safety, the safety of the officers and staff, other incarcerated individuals, property, or the security and good order the facility. Furthermore, Mr. McCauley was placed in handcuffs during the use of force event and was thereafter subjected to a physical assault while he was in restraints.

53.    Defendants Lesher could not have reasonably perceived Mr. McCauley, who was compliant and, during the latter part of the use of force event, restrained, to be a threat at the time he committed the excessive use of force against him.

54.    No efforts were made to temper the severity of the force used against Mr. McCauley.

55.    Furthermore, Defendant Lesher's conduct conflicts with WVDCR Policy Directive 307.00, which establishes clear guidelines concerning the appropriate use of physical, less-lethal force, including pepper spray and manual physical force, by division personnel.

56.     Here, no physical force was required against Mr. McCauley, much less the force described above.

57.     The actions of Defendant Lesher were committed under the color of state law, unreasonable, excessive, and deprived Mr. McCauley of his clearly established constitutional rights to not be subjected to cruel and unusual punishment of which a reasonable correctional officer should have known pursuant to the Eighth Amendment of the United States Constitution.

58.     As a direct or proximate result of the Defendant's unconstitutional actions or inactions, Mr. McCauley seeks to recover damages that compensate him for:

   a.  Physical pain and suffering, past and future;

   b.  Mental pain and suffering, past and future;

   c.  Humiliation, embarrassment, and degradation; and

   d.  All other injuries proven by a preponderance of evidence proximately caused by the Defendants.

59.     Additionally, Mr. McCauley also seeks to recover, under 42 U.S.C. § 1988, the attorneys' fees and costs incurred during the course of this litigation.

60.     Mr. McCauley further requests that this Court issue a declaratory judgement stating that the excessive and unnecessary abuse of Mr. McCauley on August 28, 2024, violated his rights under the Eighth Amendment of the United States Constitution.

61.     To ensure the protection of Mr. McCauley in the future, as well as people who are or will be confined at MOCC, Mr. McCauley requests that this Court issue an injunction prohibiting Defendant Lesher from carrying chemical agents on his person while working at MOCC, or, in the alternative, requiring Defendant Lesher to wear a body camera with audio while working, to ensure that any future unconstitutional actions are recorded and preserved.

62.     The actions or inactions of Defendant Lesher against Mr. McCauley were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Mr. McCauley, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

**COUNT II**
**VIOLATION OF THE EIGHTH AMENDMENT**
**TO THE UNITED STATE CONSTITUTION**
**EXCESSIVE FORCE**
**(Defendant Dempsey)**
**(42 U.S.C. § 1983)**

63.     Mr. McCauley incorporates and re-alleges, by reference, the allegations contained in the previous paragraphs of this complaint.

64.     Defendants Dempsey, while acting under the color of law, violated Mr. McCauley's Eighth Amendment right against cruel and unusual punishment, resulting in Plaintiff's pain and suffering.

65.     Defendants Dempsey violated Mr. McCauley's federal constitutional right, as described and identified herein, by authorizing, committing, condoning, and/or failing to remedy the excessive and wrongful force, employed without efforts to temper provocation, and justification against Mr. McCauley on August 28, 2024, while transporting him to the medical unit.

66.     The Eighth Amendment to the United States Constitution forbids cruel and unusual punishment and prohibits the use of force that is unnecessary, unjustified, or applied with malicious and sadistic intent for the purpose of punishment and to cause harm.

67.     On August 28, 2024, it was also clearly established that beating a subdued or incapacitated inmate violates the Eighth Amendment. *Richardson v. Taylor*, 2020 U.S. Dist. LEXIS 91356, *14 (M.D.N.C., May 26, 2020) (citing *Thompson v. Commonwealth*, 878 F.3d 89, 102 (4th Cir. 2017) (holding that "prisoners have a right not to be assaulted by their captors").

68.     In the uses of force described above, without any effort to temper the severity of the force and for no justifiable reason, Defendant Dempsey applied nontrivial force against Mr. McCauley that was excessive, unnecessary, and unreasonable, or for the purpose of wantonly causing harm and non-penological punishment to Mr. McCauley in violation of the Eighth Amendment.

69.     There was no good-faith need for the application of force, provided that Mr. McCauley was: (1) handcuffed; (2) fully complying with the orders given to him and not violating prison rules; (3) nearly nude; and (4) not a threat to his own safety, the safety of the officers and staff, other incarcerated individuals, property, or the security and good order the facility.

70.     Defendant Dempsey could not reasonably perceive Mr. McCauley, who was compliant and restrained, to be a threat at the time they committed the excessive use of force against him.

71.     No efforts were made to temper the severity of the force used against Mr. McCauley.

72.     Furthermore, Defendant Dempsey's conduct conflicts with WVDCR Policy Directive 307.00, which establishes clear guidelines concerning the appropriate use of physical, less-lethal force, including manual physical force, by division personnel.

73.     Here, no physical force was required against Mr. McCauley, much less the force described above.

74.     The actions of Defendant Dempsey were committed under the color of state law, unreasonable, excessive, and deprived Mr. McCauley of his clearly established constitutional rights to not be subjected to cruel and unusual punishment of which a reasonable correctional officer should have known pursuant to the Eighth Amendment of the United States Constitution.

75.     As a direct or proximate result of the Defendant's unconstitutional actions or inactions, Mr. McCauley seeks to recover damages that compensate him for:

a.  Physical pain and suffering, past and future;

b.  Mental pain and suffering, past and future;

c.  Humiliation, embarrassment, and degradation; and

d.  All other injuries proven by a preponderance of evidence proximately caused by the Defendants.

76.     Additionally, Mr. McCauley also seeks to recover, under 42 U.S.C. § 1988, the attorneys' fees and costs incurred during the course of this litigation.

77.     Mr. McCauley further requests that this Court issue a declaratory judgement stating that the excessive and unnecessary abuse of Mr. McCauley August 28, 2024, violated his rights under the Eighth Amendment of the United States Constitution.

78.     The actions or inactions of Defendant Dempsey against Mr. McCauley were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Mr. McCauley, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

### REQUEST FOR RELIEF

Wherefore, based on the above stated facts, Plaintiff Andy McCauley respectfully requests that this Honorable Court award all damages, including attorney fees and costs, to Mr. McCauley, to compensate him for the injuries he has suffered as a result of Defendants' actions in contravention of his rights. Mr. McCauley also seeks an award of punitive damages to deter Defendants from committing similar acts against similarly situated individuals. Finally, Mr.

McCauley seeks whatever equitable relief this Court deems appropriate, such as but not limited to, any injunctive and declaratory relief.

**PLAINTIFF DEMANDS A JURY TRIAL FOR ALL ISSUES SO TRIABLE.**

**Respectfully Submitted,**
**ANDREW MCCAULEY,**
**By Counsel:**

/s/ *Lesley M. Nash*
Lydia C. Milnes (WVSB #10598)
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave Ste 101
Morgantown, WV 26505
Telephone: (304) 326-0188
Facsimile: (304) 326-0189
lydia@msjlaw.org
lesley@msjlaw.org