IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREW MCCAULEY,

          Plaintiff,

v.                                                        CIVIL ACTION NO. 2:25-cv-00517

OFFICER MICHAEL DEMPSEY
and SERGEANT LYLE LESHER,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1), the Plaintiff's *Motion for Default* (Document 7), the *Entry of Default by Clerk* (Document 8), the Defendants' *Motion to Set Aside Default* (Document 9), the *Plaintiff's Response in Opposition to Defendants' Motion to Set Aside Default* (Document 10), and the *Defendants' Reply in Support of Their Motion to Set Aside Default Judgment* (Document 11). For the reasons stated herein, the Court finds that the Defendnats' motion to set aside the entry of default should be granted.

The Plaintiff, Andrew McCauley, initiated this action with a *Complaint* (Document 1) filed on August 26, 2025, naming Officer Michael Dempsey and Sergeant Lyle Lesher as Defendants. Mr. McCauley was incarcerated at Mount Olive Correctional Complex, where the Defendants were employed. He alleges that they used excessive force against him on August 28, 2024, in violation of his Eighth Amendment right to be free of cruel and unusual punishment. The

complaint seeks injunctive and declaratory relief against the Defendants in their official capacities and monetary relief against the Defendants in their individual capacities.

In docket entries filed on September 8, 2025 (Documents 5 & 6), the summonses were returned executed, indicating that both Defendants were served on September 3, 2025, with answers due on September 24, 2025. No answers were filed, and the Plaintiff moved for default on October 20, 2025. The Clerk entered default on October 30, 2025. The Defendants filed their motion to set aside the entry of default on November 3, 2025.

The Returns of Service indicate that both Defendants were served by delivery of process to Patricia Rhodes, a secretary at Mt. Olive. The Defendants contend that service to Ms. Rhodes was improper, and personal service was required because they are sued only in their individual capacities. Alternatively, they argue that all factors weigh in favor of setting aside default. They cite the promptness with which they moved to set aside default, and contend that they assert a meritorious defense, that they bear little personal responsibility for the default given the lack of personal service, that the Plaintiff will not be prejudiced by setting aside the default, that they do not have a history of dilatory action, and that lesser sanctions are available. They urge the Court to permit this case to be litigated on the merits.

The Plaintiff contends that the Defendants have not made a showing of good cause to set aside the entry of default. He argues that the Defendants are being sued in both their individual and official capacities. He further notes that the Defendants received notice of the entry of default through an employee at Mt. Olive, yet argue that service of the complaint to an employee who indicated that she was authorized to accept service was insufficient. He concedes that the Defendants will offer a defense, that they acted promptly to seek to set aside default, and that the

2

Plaintiff would not be prejudiced by setting aside default, beyond the expenditure of time and resources on the default issues. However, the Plaintiff argues that the West Virginia Division of Corrections and Rehabilitation (WVDCR) and its employees have a lengthy history of dilatory action, with repeated entries of default and warnings of future sanctions should the failure to respond to lawsuits continue. The Plaintiff urges the Court to consider denying the motion to set aside default in light of WVDCR's history of ignoring less drastic sanctions. Should the Court grant the motion to set aside default, he requests an award of attorney fees and costs associated with seeking entry of default and opposing the motion to set aside entry of default.

Under the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause or pursuant to Rule 60(b). Fed. R. Civ. P. 55(c). The Fourth Circuit has established that district courts should consider the following factors in considering motions to set aside default pursuant to Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). It has also "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

The Court finds that the entry of default should be set aside to permit resolution on the merits. The Defendants indicate they will assert that "they committed no acts of wrongdoing towards Plaintiff" and that WVDCR determined that the use of force was justified. (Def.'s Mot. at 5.) The Defendants moved to set aside default promptly after the entry of default was served

3

at Mt. Olive. The individual Defendants were not personally served. Whether or not service was proper given the official status claims, the lack of personal service as to the individual Defendants, who are sued in both their individual and official capacity, establishes that the individual Defendants bear no personal responsibility for the default. The Plaintiff concedes that there is no prejudice beyond the time required to file a motion for entry of default. The individual named Defendants do not have a history of dilatory actions.[1] If less drastic sanctions were appropriate, they would be available. The Court finds no sanction appropriate given the circumstances presented by this case. Resolution on the merits is strongly favored, and the Court can identify no factors that would weigh against permitting resolution on the merits in this case.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendants' *Motion to Set Aside Default* (Document 9) be **GRANTED** and that the *Entry of Default by Clerk* (Document 8) be **SET ASIDE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

                          ENTER: February 4, 2026

                          _____
                          IRENE C. BERGER
                          UNITED STATES DISTRICT JUDGE
                          SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] The Court concurs with the Plaintiff's concerns regarding WVDCR's history of defaults in this District. The firm representing the Defendants in this matter is the same firm that routinely represents WVDCR and its employees in similar suits. Although the individual Defendants cannot properly be held responsible for failing to answer a complaint with which they were not personally served, the failure to answer or file a responsive pleading (even a motion to dismiss for lack of proper service, if the Defendants believe service to be insufficient) following service to an individual authorized to accept service at Mt. Olive suggests ongoing flaws in WVDCR's procedures for notifying its counsel and insurers of a lawsuit, as appropriate.